## NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

REGINALD H. WARE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 19-17224 (JMV)

OPINION

**John Michael Vazquez, U.S.D.J.**

This case concerns a claim that Petitioner Reginald H. Ware's 2011 sentence was partly invalid in light of later decisions by the United States Supreme Court. Petitioner seeks relief pursuant to 28 U.S.C. § 2255, D.E. 1, after the Court of Appeals for the Third Circuit determined that Petitioner could filed a second or success habeas petitioner, D.E. 1-2. Respondent (the "Government") filed opposition, D.E. 4, to which Petitioner replied, D.E. 6. The Court reviewed the parties' submissions[1] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Petitioner's motion is denied and no certificate of appealability shall issue.[2]

---

[1] Petitioner's brief in support of his motion will be referred to as "Br." (D.E. 1); Respondent's opposition will be referred to as "Opp." (D.E. 4); and Petitioner' reply will be referred to as "Reply" (D.E. 6). Respondent's opposition also incorporated its filing, D.E. 35 under Criminal Number 11-224, which the Court permitted, D.E. 2.

[2] Petitioner appears to be under the impression that if the Court were to grant the relief he seeks, the remedy would be vacating the portion of his sentence at issue. That outcome is not clear to the Court. Petitioner was convicted pursuant to a plea agreement. D.E. 15 under Criminal Number 11-224. The plea agreement provides as follows:

I.  **Background**

   **A. Criminal Case – Crim. No. 11-224**

On April 11, 2011, Ware was indicted on seven counts: Count One – conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); Counts Two through Five – Hobbs Act robberies in violation of 18 U.S.C. § 1951(a); Count Six – possession, use, and carrying of a firearm for a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count Seven – carjacking in violation 18 U.S.C. § 2119(1). D.E. 7.[3] Count Six is at issue in the current matter; it provided in relevant part as follows:

> On or about July 27, 2010, in Hudson County, in the District of New Jersey, and elsewhere, defendant
> REGINALD WARE,
> *during and in relation to a crime of violence, specifically the robbery of the Wisdom Pharmacy as alleged in Count Two*, for which the defendant could be prosecuted in a Court of the United States, *did knowingly use, carry, and in furtherance of such crime possess a firearm, namely a semi-automatic pistol, which was brandished*, and did knowingly and willfully aid, abet, counsel and induce another in commission of this offense.

*Id.* at 11 (emphases added). Thus, Count Six was based on the substantive Hobbs Act robbery charged in Count Two rather than the conspiracy alleged in Count One.

---

> [I]n the event that . . . the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Reginald Ware may be commenced against him, notwithstanding the expiration of the limitations period after Reginald Ware signs the agreement.

*Id.* at 2. Thus, if Ware were successful in his current motion, it appears that the Government could seek to reinstate the dismissed charges (and bring new ones not barred by the statute of limitations).

[3] The docket entry citations in this section are taken from the criminal case, 2:11-cr-00224.

2

The Government and Ware then entered into a written plea agreement, in which Petitioner agreed to plead guilty to Counts One, Six, and Seven. D.E. 15. As to Count Six, the plea agreement acknowledged that the violation of 18 U.S.C. § 924(c)(1)(A)(ii) carried a statutory minimum sentence of seven years that ran consecutively to any sentence imposed on Counts One and Seven. *Id.* at 2. The parties also agreed to certain stipulations, which were not binding on the Court. *Id.* at 7-9. Ware also agreed that if he was sentenced as agreed to by the parties, he waived his right to appeal and to seek postconviction relief, including pursuant to Section 2255. *Id.* at 9. Ware then pled guilty on July 6, 2011. D.E. 13.

Ware was thereafter sentenced on March 20, 2012. D.E. 19. Judge Walls sentenced Ware consistent with the stipulations in the plea agreement.[4] Specifically, Judge Walls sentenced Ware to a term of 180 months imprisonment, consisting of 96 months on each of Counts One and Seven, to run concurrently, and 84 months on Count Six, to run consecutive to the 96 months. D.E. 20.

### B. Current Section 2255 Motion

On August 22, 2019, Petitioner filed his current motion pursuant to 28 U.S.C. § 2255. D.E. 1. Based on recent Supreme Court decisions, Petitioner argues that his sentence under Count Six must be vacated.

## II. Standard

Section 2255 provides in relevant part as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

---

[4] Neither party addresses what impact, if any, the plea agreement's Section 2255 relief waiver has on the current motion.

3

> attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . .
>
> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. *See also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (observing that Section 2255 relief is only available when the error, among other things, was a "'fundamental defect which inherently results in a complete miscarriage of justice'") (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).[5]

### III. Analysis

Petitioner argues that Count One – Hobbs Act conspiracy – is not a "crime of violence" under Count Six, 18 U.S.C. § 924(c)(1)(A)(ii), in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Br. at 1. As a result, Ware asks the Court to "vacate his conviction and sentence" for Count Six. *Id.* at 6. The Government responds that Count Six was based on a substantive Hobbs Act robbery, so Petitioner's conspiracy analysis is of no moment. Opp. at 2. Ware replies that he

---

[5] As noted, neither party addresses the waiver in Petitioner's plea agreement. Because the waiver seemingly precludes Ware's current motion, it appears that Ware should have raised an ineffective assistance of counsel claim as to the waiver. However, even if he had, in light of the Court's analysis, the Court would deny such a motion for failing to demonstrate prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny.

pled guilty to Count One, the Hobbs Act conspiracy, and that Count Two was dismissed pursuant to the plea agreement. Reply at 1-2.

In *Johnson*, the Supreme Court reviewed the residual clause in the Armed Career Criminal Act. The residual clause consisted of the following italicized language: "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). The *Johnson* Court found the residual clause to be unconstitutionally vague because it required a judicial assessment of some undefined "ordinary case," which was then to be used to determine the requisite "serious potential risk of physical injury." *Id.* As a result, the Supreme Court ruled that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In *Welch*, the Supreme Court ruled that *Johnson* was a substantive decision that "has retroactive effect in cases on collateral review." 136 S. Ct. at 1268.

Following *Johnson*, the Supreme Court reviewed residual clauses in other criminal statutes to determine if they passed constitutional muster. In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Court addressed 18 U.S.C. § 16, which defined "crime of violence" in the following manner:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

138 S. Ct. at 1211 (quoting 18 U.S.C. § 16). The Supreme Court ruled that the residual clause, Section 16(b), was unconstitutionally vague for the same reasons that the residual clause in *Johnson* fell short. *Id.* at 1211-12, 1213-15.[6]

Then, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court undertook a review of 18 U.S.C. § 924(c), the same statute which Petitioner contests. The relevant language consisted of the following:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at 2324 (quoting 18 U.S.C. § 924(c)(3)). Once again, the Supreme Court found the residual clause, Section 924(c)(3)(B), unconstitutionally vague. *Id.* at 2336. At the same time, the Court never indicated that Section 924(c)(3)(A), commonly referred to as the elements clause, suffered from any constitutional defect.

The Third Circuit has ruled that substantive Hobbs Act robbery falls within the purview of the elements clause of 924(c)(3)(A). *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016).[7]

---

[6] The cited portions of *Dimaya* were taken from the plurality opinion. However, in his concurrence, Justice Gorsuch appeared to indicate that *Johnson* would require the same result. *Id.* at 1224 (Gorsuch, J., concurring).

[7] In *Robinson*, the Circuit declined to employ the "categorical approach" as first announced in *Taylor v. United States*, 495 U.S. 575 (1990). *Id.* at 141-42. The Circuit did not reject the categorical approach in all cases, but indicated that it was not the analysis to be used "[w]hen the predicate offense, Hobbs Act robbery, and the § 924(c) offense are contemporaneous and tried to the same jury" because "the record of all necessary facts are before the district court." *Id.* at 141. The *Robinson* court later indicated that in addition to facts found by a jury, the approach would also apply to facts "admitted by the defendant in a plea." *Id.* at 143. As noted, Petitioner here pled

As also noted, Count Six charged the substantive Hobbs Act robbery found in Count Two. Although Count Two was ultimately dismissed, the critical question is whether Petitioner can be liable under 18 U.S.C. § 924(c)(1)(A)(ii), as charged in Count Six, for a predicate offense with which he was charged and to which he admitted guilt but for which he was not convicted (Count Two, which was dismissed as per the plea agreement). The answer to that question appears to be that he can. *See, e.g., United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under § 924(c)(1) does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.") (citing *United States v. Anderson*, 39 F.3d 331, 355 (D.C. Cir. 1994) (collecting cases), *vacated in part on other grounds*, 59 F.3d 1323 (D.C. Cir.) (*en banc*), *cert. denied*, 516 U.S. 999 (1995)). Plaintiff does not contest that he admitted to all the necessary elements of the predicate offense, substantive Hobbs Act robbery, when he allocuted. As a result, he is liable under the elements clause, Section 924(c)(3)(A), rather than the unconstitutional residual clause, Section 924(c)(3)(B). Thus, his petition fails.

Because Petitioner's motion raised a purely legal argument, a hearing is not necessary in this matter. In addition, no certificate of appealability will issue because Petitioner has not made the requisite showing. 28 U.S.C. § 2253(c)(2).

---

guilty, and he does not claim that he did not allocute to a substantive Hobbs Act robbery as charged in the dismissed Count Two.

7

## IV. Conclusion

For the foregoing reasons, Petitioner's motion for relief under 28 U.S.C. § 2255, D.E. 1, is denied and a certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

Date: January 23, 2020

HON. JOHN M. VAZQUEZ,
United States District Judge